

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JESSICA CURS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-767-A |
| | § | |
| CAPTAIN GARY MELSON, IN HIS | § | |
| OFFICIAL AND INDIVIDUAL | § | |
| CAPACITIES, ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant Gary Melson ("Melson") and the motion of defendant City of Alvarado ("City") to dismiss. Plaintiff, Jessica Curs, has failed to respond to the motions, which are ripe for ruling.[1] The court, having considered the motions, the record, and applicable authorities, finds that the motions should be granted.

I.

## Plaintiff's Claims

On October 12 2015, plaintiff filed her original complaint against Melson, City, and "Alvarado Police Department." Plaintiff's claims arise out of an incident on February 21, 2015,

---

[1]On December 3, 2015, plaintiff filed electronically an amended complaint and a response to the motions. However, the case is not designated for electronic filing and the documents were ordered stricken for that reason and also because they bore the signature of a law firm rather than an individual attorney in violation of the court's standing order. Paper documents have not been filed. Assuming they had, the result would be the same.

in Burleson, Texas. Plaintiff alleges:

Plaintiff was coaching a girls youth basketball team of eight and nine year olds. Melson, who was wearing plain clothes, volunteered to keep score. He heckled plaintiff during the game, saying that she was not letting her girls play and was just trying to run out the clock. Plaintiff asked Melson to stop being a "dip." Melson jumped up and grabbed plaintiff's arm, accusing her of using an expletive, and telling her to step outside. Melson flashed his badge at plaintiff, but she questioned whether it was authentic. He informed plaintiff that he was going to call the Burleson Police Department. Officers from the Burleson Police Department arrived and spoke with plaintiff and told her she was free to go. About two months later, plaintiff received a notice in the mail that a warrant had been issued for her arrest by the Alvarado Police Department. Plaintiff turned herself in the following morning and was told that she would have to submit to a walk-through in which she would sign paperwork and leave. Instead, plaintiff was forced to submit to a demeaning search, her clothes were taken away, and she was left in a jail cell for approximately six hours. Following the incident, plaintiff's employer was anonymously contacted several times with copies of plaintiff's paperwork. In addition, the Alvarado Police Department publicly posted misleading and defamatory statements

about plaintiff on social media, including Facebook.[2] The post
was widely circulated and commented on before it was deleted.

Plaintiff sets forth nine counts. Counts I-V are against
Melson for "damages under 42 U.S.C. § 1983 for injuries,"
assault, battery, false imprisonment, and malicious prosecution.
Counts VI and VII purport to be against the Alvarado Police
Department under § 1983 and for respondeat superior. Counts VIII
and IX assert the same claims against City. Plaintiff prays for a
declaration that Melson's conduct was unconstitutional, and
judgment for compensatory and punitive damages, and attorney's
fees.

II.

## Grounds of the Motions

Melson says that plaintiff has failed to state a claim upon
which relief can be granted. In addition, he urges that he is
entitled to qualified and official immunity. He further urges
that by naming City as a defendant, plaintiff has made an
irrevocable election under the Texas Tort Claims Act and that she
cannot pursue state law claims against him individually.

City urges that plaintiff has failed to state claims upon
which relief can be granted. Further, City, like Melson, alleges
that plaintiff has made an irrevocable election to pursue claims

---

[2]A copy of the Facebook post is attached to the complaint as Exhibit A.

against City so that she cannot pursue state law claims against
Melson. City has not waived its immunity under the Tort Claims
Act. And, the Alvarado Police Department is not a separate jural
entity that may be sued.

### III.

#### Standard of Review Under Rule 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure
provides, in a general way, the applicable standard of pleading.
It requires that a complaint contain "a short and plain statement
of the claim showing that the pleader is entitled to relief,"
Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair
notice of what the claim is and the grounds upon which it rests,"
Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal
quotation marks and ellipsis omitted). Although a complaint need
not contain detailed factual allegations, the "showing"
contemplated by Rule 8 requires the plaintiff to do more than
simply allege legal conclusions or recite the elements of a cause
of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court
must accept all of the factual allegations in the complaint as
true, it need not credit bare legal conclusions that are
unsupported by any factual underpinnings. See Ashcroft v. Iqbal,
556 U.S. 662, 679 (2009) ("While legal conclusions can provide

4

the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

In considering a motion under Rule 12(b)(6), the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. Scanlan v. Tex. A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003). The court may also refer to matters of public record. Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995); Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes

5

taking notice of pending judicial proceedings. Patterson v. Mobil
Oil Corp., 335 F.3d 476, 481 n.1 (5th Cir. 2003).

IV.

Analysis

A.   Claims Against Melson Under § 1983

Plaintiff's claim of excessive force is analyzed under the
Fourth Amendment and its reasonableness standard. Graham v.
Connor, 490 U.S. 386, 395 (1989). To state a claim for excessive
force, plaintiff must allege an injury that resulted directly and
only from the use of force that was clearly excessive to the need
and that was objectively unreasonable. Id., 490 U.S. at 390;
Knight v. Caldwell, 970 F.2d 1430, 1432-22 (5th Cir. 1992). In
assessing the claim, the court considers the extent of the injury
suffered, the need for application of force, the relationship
between the need and the amount of force used, the threat
reasonably perceived by the officer, and any efforts made to
temper the severity of the response. Hudson v. McMillian, 503
U.S. 1, 6-7 (1992).

Here, plaintiff has alleged in a conclusory manner that
Melson grabbed her arm and sought to escort her from the gym
based on something she said in the presence of young girls.
Plaintiff has not alleged facts to show that the force used was
clearly excessive and was objectively unreasonable. Nor has

6

plaintiff alleged facts to show that Melson lacked probable cause for an arrest. <u>Brown v. Lyford</u>, 243 F.3d 185, 190 (5th Cir. 2001). The mere possibility of misconduct does not suffice to state a claim.

As for anything other than the events in the gym on or about February 21, 2015, plaintiff has not pleaded any facts to show that Melson had any involvement that would give rise to plaintiff's claims against him. (The court notes in this regard that the Fifth Circuit does not recognize a claim for malicious prosecution under § 1983. <u>Castellano v. Fragozo</u>, 352 F.3d 939, 953 (5th Cir. 2003)(en banc).)

B.    <u>Melson Is Entitled to Immunity</u>

Qualified immunity insulates a government official from civil damages liability when the official's actions do not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982). For a right to be "clearly established," the right's contours must be "sufficiently clear that a reasonable official would understand that what he is doing violates that right." <u>Anderson v. Creighton</u>, 483 U.S. 635, 640 (1987). Individual liability thus turns on the objective legal reasonableness of the defendant's actions assessed in light of clearly established law at the time. <u>Hunter v. Bryant</u>, 502 U.S.

224, 228 (1991); Anderson, 483 U.S. at 639-40.  In Harlow, the
court explained that a key question is "whether that law was
clearly established at the time an action occurred" because "[i]f
the law at that time was not clearly established, an official
could not reasonably be expected to anticipate subsequent legal
developments, nor could he fairly be said to 'know' that the law
forbade conduct not previously identified as unlawful."  457 U.S.
at 818.  In assessing whether the law was clearly established at
the time, the court is to consider all relevant legal authority,
whether cited by the parties or not.  Elder v. Holloway, 510 U.S.
510, 512 (1994).  If public officials of reasonable competence
could differ on the lawfulness of defendant's actions, the
defendant is entitled to qualified immunity.  Malley v. Briggs,
475 U.S. 335, 341 (1986); Fraire v. City of Arlington, 957 F.2d
1268, 1273 (5th Cir. 1992).  "[A]n allegation of malice is not
sufficient to defeat immunity if the defendant acted in an
objectively reasonable manner."  Malley, 475 U.S. at 341.

     In analyzing whether an individual defendant is entitled to
qualified immunity, the court considers whether plaintiff has
alleged any violation of a clearly established right, and, if so,
whether the individual defendant's conduct was objectively
reasonable.  Siegert v. Gilley, 500 U.S. 226, 231 (1991); Duckett
v. City of Cedar Park, 950 F.2d 272, 276-80 (5th Cir. 1992).  In

so doing, the court should not assume that plaintiff has stated a

claim, i.e., asserted a violation of a constitutional right.

Siegert, 500 U.S. at 232.   Rather, the court must be certain

that, if the facts alleged by plaintiff are true, a violation has

clearly occurred.   Connelly v. Comptroller, 876 F.2d 1209, 1212

(5th Cir. 1989).   A mistake in judgment does not cause an officer

to lose his qualified immunity defense.   In Hunter, the Supreme

Court explained:

> The qualified immunity standard "gives ample room for
> mistaken judgments" by protecting "all but the plainly
> incompetent or those who knowingly violate the law."
> Malley, [475 U.S.] at 343. . . .   This accommodation for
> reasonable error exists because "officials should not err
> always on the side of caution" because they fear being sued.
> . . .

502 U.S. at 229.

When a defendant relies on qualified immunity, the burden is

on the plaintiff to negate the defense.   Kovacic v. Villarreal,

628 F.3d 209, 211 (5th Cir. 2010); Foster v. City of Lake

Jackson, 28 F.3d 425, 428 (5th Cir. 1994).

Here, plaintiff has not pleaded facts sufficient to overcome

Melson's claim of qualified immunity. In fact, the document she

attached to her complaint gives the other side of the story,

explaining why Melson acted as he did. For the same reason,

Melson would be entitled to official immunity under state law.

Telhorster v. Tennell, 92 S.W.3d 451, 460-61 (Tex. 2002).

9

C.   Claims Against Alvarado Police Department

Plaintiff names the Alvarado Police Department as a defendant. However, the Alvarado Police Department is not an entity capable of being sued. Darby v. Pasadena Police Dep't, 939 F.2d 311, 313 (5th Cir. 1991).  The proper defendant would be City. Rogers v. Nueces County Jail, No. C-07-410, 2007 WL 4367814, *4 (S.D. Tex. Dec. 13, 2007). Inasmuch as City is already a party to the action, the claims against Alvarado Police Department will be dismissed.

D.   Respondeat Superior

Section 1983 does not allow a governmental entity to be held vicariously liable for the actions of its officers under a theory of respondeat superior.  42 U.S.C. § 1983; Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997). A governmental entity may be liable under § 1983 if the execution of one of its customs or policies deprives a plaintiff of a constitutional right.  Monell v. Dep't of Social Serv., 436 U.S. 658, 690-91 (1978).  To hold City liable under § 1983 thus requires the plaintiff to "initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted." Spiller v. Texas City Police Dep't, 130 F.3d 162, 167 (5th Cir. 1997)(internal quotation marks and citation omitted). To meet that requirement, plaintiff must allege: "a policymaker; an official policy; and a

10

violation of constitutional rights whose 'moving force' is the policy or custom." <u>Cox v. City of Dallas</u>, 430 F.3d 734, 748 (5th Cir. 2005) (internal citations omitted); <u>Piotrowski v. City of Houston</u>, 237 F.3d 567, 578 (5th Cir. 2001). Moreover, the description of a policy or custom and its relationship to the underlying constitutional violation "cannot be conclusory; it must contain specific facts." <u>Spiller</u>, 130 F.3d at 167. The general rule is that allegations of isolated incidents are insufficient to establish a custom or policy. <u>Fraire v. City of Arlington</u>, 957 F.2d 1268, 1278 (5th Cir. 1992).

Here, plaintiff does not identify a policymaker, an official policy, or a violation of constitutional rights brought about by such policy or custom. Nor does she allege more than an isolated incident. A plaintiff typically must at least allege a pattern of similar violations.  Yet the fourteen page complaint offers no allegations or examples of similar violations that could support a claim of municipal liability. Plaintiff has failed to state a cognizable claim under § 1983 against defendant City.

E.    <u>Texas Tort Claims Act</u>

Under the doctrine of sovereign immunity, a governmental entity cannot be held liable for the actions of its employees unless a constitutional or statutory provision waives the city's sovereign immunity in clear and unambiguous language. <u>See</u>  <u>Univ.</u>

11

of Tex. Med. Branch v. York, 871 S.W.2d 175, 177 (Tex.1994);

Duhart v. State, 610 S.W.2d 740, 742 (Tex.1980). The Texas Tort

Claims Act provides such a waiver in certain circumstances. Tex.

Civ. Prac. & Rem. Code § 101.025; York, 871 S.W.2d at 177.

However, the Act does not waive immunity with respect to claims

"arising out of assault, battery, false imprisonment, or any

other intentional tort." Tex. Civ. Prac. & Rem. Code §

101.057(2); see  Goodman v. Harris County, 571 F.3d 388, 394 (5th

Cir. 2009). Plaintiffs' claims of assault, battery, false

imprisonment, and malicious prosecution are unquestionably

intentional torts for which City's immunity has not been waived.

Tex. Civ. Prac. & Rem. Code § 101.057(2); Goodman v. Harris

Cnty., 571 F.3d 388, 394 (5th Cir. 2009); Texas Dep't of Pub.

Safety v. Petta, 44 S.W.3d 575, 580 (Tex. 2001). Thus, the tort

claims against City must be dismissed. Id.

Moreover, by having elected to sue City, plaintiff made an

irrevocable election to pursue her state law tort claims against

City only. Molina v. Alvrado, 463 S.W.3d 867, 871 (Tex. 2015);

Tex. Civ. Prac. & Rem. Code § 101.106(a). Thus, the state law

tort claims against Melson must be dismissed. Id.

F.    Punitive Damages

The law is well-settled that governmental entities are not

subject to punitive damages. City of Newport v. Fact Concerts,

12

Inc., 453 U.S. 247, 259-60 & n. 21 (1981); Tex. Civ Prac. & Rem. Code §101.024. Thus, such an award cannot be made.

G.   <u>Declaratory Judgment</u>

To the extent plaintiff seeks a declaratory judgment (which is mentioned only in the prayer), such relief must be denied. Plaintiff cannot circumvent immunity by seeking a declaratory judgment. <u>City of Houston v. Williams</u>, 216 S.W.3d 827, 828-29 (Tex. 2007).

V.

<u>Order</u>

For the reasons discussed herein,

The court ORDERS that the motions to dismiss be, and are hereby, granted, and that plaintiff's claims in this action be, and are hereby, dismissed.

SIGNED December 8, 2015.

_____
JOHN McBRYDE
United States District Judge

13